UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ADAM LIEVENSE,

                                   Plaintiff,

v.                                                           Civil Action No. _____

MIDLAND CREDIT MANAGEMENT, INC and
ASSET ACCEPTANCE, LLC.

                                  Defendants.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Adam Lievense is a natural person residing in the County of Monroe and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Midland Credit Management, Inc. ("Midland") is a foreign business corporation organized and existing under the laws of the State of California and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant Asset Acceptance, LLC. is a foreign business corporation organized and existing under the laws of the State of Michigan and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

1

7. Defendant regularly attempts to collect debts alleged to be due another.

8. That at all times relevant herein, Midland acted as agent for Asset Acceptance, LLC.

9. That all of the acts of Midland alleged herein were done within the scope of their agency relationship with Asset Acceptance, LLC.

10. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

11. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

12. That Plaintiff incurred a credit card debt with Bank of America. This debt will be referred to as "the subject debt."

13. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

14. That Plaintiff thereafter allegedly defaulted on the subject debt.

15. That in or about June 13, 2013, Defendant, Asset Acceptance, LLC, assignee of the debt from Bank of America, filed a Complaint bearing index number 2013-7126 with the Monroe County Supreme Court.

16. That in or about August of 2013, Plaintiff contacted Defendant Asset Acceptance to set up a payment plan. The agreed upon arrangement was for Plaintiff to pay $1,150.47 initially, and then $250.00 to be withdrawn in six monthly payments from his checking account. Pursuant to this payment plan, the last payment was made on February 27, 2014.

17. That upon information and belief, sometime after making the aforementioned payments, Defendant Midland was then employed to collect on the alleged subject debt.

18. That in or about April of 2014, Defendant, Midland began calling Plaintiff multiple times per week, often multiple times per day, in an attempt to collect on the subject debt.

19. During the aforementioned calls, Defendant Midland demanded Plaintiff to provide his bank account information on behalf of Defendant, Asset Acceptance, LLC. Plaintiff refused to provide the requested information without receiving written confirmation from Defendant Asset Acceptance, LLC that Defendant Midland was authorized to receive payments for the alleged subject debt.

2

20. That in or about September 11, 2014, Plaintiff received a letter from Defendant Midland claiming to be a servicer for Defendant, Asset Acceptance, LLC. Said letter demanded that the Plaintiff re-commence the original " payment arrangements within 20 days of the letter or we may proceed with the legal process, as permitted by state law."

21. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

22. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 21 above.

23. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5) and 15 U.S.C. §1692e(10) by stating that if Plaintiff did not continue the previous payment arrangement with them within 20 days of the letter, that they may proceed with the legal process, as permitted by state law.

24. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: January 15, 2015

                                                  /s/ Seth J. Andrews, Esq.
                                                  Seth J. Andrews, Esq.
                                                  Kenneth R. Hiller, Esq.
                                                  Law Offices of Kenneth Hiller, PLLC
                                                  *Attorneys for the Plaintiff*
                                                  6000 North Bailey Ave., Suite 1A
                                                  Amherst, NY 14226
                                                  (716) 564-3288
                                                  Email:sandrews@kennethhiller.com
                                                                khiller@kennethhiller.com